UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

Janeth Moreira,
and other similarly situated individuals,

    Plaintiff(s),

v.

Fast 6 Of America Nationwide Services Inc,
and Margarita Trutt, individually,

    Defendants,
_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff Janeth Moreira and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants Fast 6 Of America Nationwide Services Inc, and Margarita Trutt, individually, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid regular and overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff is a resident of Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Fast 6 Of America Nationwide Services Inc (hereinafter Fast 6 Of America, or Defendant) is a Florida corporation having its place of business in Dade County. Defendant was engaged in interstate commerce.

4. The individual Defendant Margarita Trutt was and is now the owner/partner/officer and manager of Defendant Corporation Fast 6 Of America. Defendant Margarita Trutt was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Dade County, Florida, within the jurisdiction of this Court.

## General Allegations

6. This cause of action is brought by Plaintiff Janeth Moreira, and other similarly situated employees to recover from Defendants regular wages, overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

7. Corporate Defendant Fast 6 Of America provides patient transportation services. Defendant is located at 13330 SW 128th Street, Miami, FL 33186.

8. Defendants Fast 6 Of America and Margarita Trutt employed Plaintiff Janeth Moreira as a full-time, non-exempted, hourly employee from approximately May 01, 2018, to April 01, 2022, or three years and eleven months. However, for FLSA purposes, Plaintiff's relevant period of employment is 102 weeks.

9. Plaintiff did not work for Defendants from June 11, 2020, to June 01, 2021, or 51 weeks.

10. Plaintiff was hired as a driver, and her duties consisted of driving patients to and from medical appointments.

11. During her time of employment with Defendants, Plaintiff has two periods of employment:

12. <u>1.- First period, from April 27, 2019, to June 11, 2020, or 59 weeks</u>. In this period, Plaintiff worked five days per week from Monday to Friday, from 6:30 AM to 4:30 PM (10 hours each day), or 50 hours per week. At home, Plaintiff worked 1 hour daily confirming and coordinating patients' transportation for the following day. Thus, Plaintiff worked a total of 55 hours weekly.

13. Defendants paid Plaintiff at the rate of $11.25 an hour, or an average of $450.00 weekly covering 40 hours. Plaintiff's overtime rate should be $16.88, but she was not compensated for overtime hours.

14. <u>2.- Second period, from June 01, 2021, to April 01, 2022, or 43 weeks</u>. In this period, Plaintiff worked the same schedule of 50 hours weekly transporting patients. Plaintiff also worked at home 5 hours per week coordinating patients' transportation, or a total of 55 hours weekly.

15. Defendants paid Plaintiff at the rate of $12.50 an hour, or an average of $500.00 weekly covering 40 hours. Plaintiff's overtime rate should be $18.75.

16. During the relevant time of employment, Plaintiff was unable to take bonafide lunchtime.

17. Plaintiff worked in excess of 40 hours every week, but she was not compensated for overtime hours as required by law.

18. Plaintiff clocked in and out using MediRoutes software, and Defendants were in complete control of Plaintiff's schedule. Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals.

19. Therefore, Defendants willfully failed to pay Plaintiff minimum wages and overtime hours at the rate of time and one-half her regular rate for every hour that she worked

over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

20. Plaintiff was paid weekly strictly in cash, without any paystub or record showing the number of days and hours worked, wage rate paid, employees' taxes withheld, etc.

21. On or about November 18, 2021, Plaintiff had a traffic accident where Plaintiff was hit from behind while driving the company vehicle. Even though she was not responsible, Plaintiff was forced to take a personal loan to pay for the repairs of the company vehicle. Plaintiff had to pay $2,000.00 in cash as a condition to retain her employment with Defendants. This deduction caused Plaintiff to work four weeks without wages.

22. On or about April 01, 2022, Plaintiff resigned from her position to pursue better employment opportunities.

23. Furthermore, at the time of her resignation, Defendants denied Plaintiff the payment of two weeks of work. Plaintiff was not paid for her last week of work plus one week retained by Defendants as a security deposit.

24. Plaintiff is owed a total of six weeks of regular wages.

25. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of Section 6 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 206(a)(1).

26. Plaintiff Janeth Moreira seeks to recover regular unpaid wages, overtime hours, liquidated damages, and any other relief as allowable by law.

### COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
### FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

27. Plaintiff Janeth Moreira re-adopts every factual allegation stated in paragraphs 1-26 above as if set out in full herein.

28. This cause of action is brought by Plaintiff Janeth Moreira as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after April 2019, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

29. Defendant Fast 6 Of America was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). Defendant provides patient transportation services. Defendant worked in connection with a federal agency. Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

30. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Particularly, Plaintiff was a driver transporting patients beneficiaries of a federal agency. Through her daily activities, Plaintiff used the channels of interstate commerce and handled and worked on goods and materials that

were moved across State lines at any time during the business. Therefore, there is individual coverage.

31. Defendants Fast 6 Of America and Margarita Trutt employed Plaintiff Janeth Moreira as a full-time, non-exempted, hourly employee from approximately May 01, 2018, to April 01, 2022, or three years and eleven months. However, for FLSA purposes, Plaintiff's relevant period of employment is 102 weeks.

32. Plaintiff did not work for Defendants from June 11, 2020, to June 01, 2021, or 51 weeks.

33. Plaintiff was hired as a driver, and her duties consisted of driving patients to and from medical appointments.

34. During her time of employment with Defendants, Plaintiff has two periods of employment:

35. <u>1.- First period, from April 27, 2019, to June 11, 2020, or 59 weeks</u>. In this period, Plaintiff worked five days or 50 hours per week transporting patients. At home, Plaintiff worked 1 hour daily confirming and coordinating patients' transportation for the following day. Thus, Plaintiff worked a total of 55 hours weekly.

36. Defendants paid Plaintiff at the rate of $11.25 an hour, or an average of $450.00 weekly covering 40 hours. Plaintiff's overtime rate should be $16.88, but she was not compensated for overtime hours.

37. <u>2.- Second period, from June 01, 2021, to April 01, 2022, or 43 weeks</u>. In this period, Plaintiff worked the same schedule of 50 hours weekly transporting patients. Plaintiff also worked at home 5 hours per week coordinating patients' transportation, or a total of 55 hours weekly.

38. Defendants paid Plaintiff at the rate of $12.50 an hour, or an average of $500.00 weekly covering 40 hours. Plaintiff's overtime rate should be $18.75, but she was not compensated for overtime hours.

39. During the relevant time of employment, Plaintiff was unable to take bonafide lunchtime.

40. Plaintiff worked in excess of 40 hours every week, but she was not compensated for overtime hours as required by law.

41. Plaintiff clocked in and out using MediRoutes software, and Defendants were in complete control of Plaintiff's schedule. Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals.

42. Therefore, Defendants willfully failed to pay Plaintiff minimum wages and overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

43. Plaintiff was paid weekly strictly in cash, without any paystub or record showing the number of days and hours worked, wage rate paid, employees' taxes withheld, etc.

44. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class. The Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

45. The Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

46. Before the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

    *Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

    a. <u>Total amount of unpaid O/T wages:</u>

    Twenty-Seven Thousand Thirty-Two Dollars and 55/100 ($27,032.55)

    b. <u>Calculation of such wages:</u>

    Total weeks of employment: more than 3 years and 11 months
    Relevant weeks of employment: 102 weeks
    Total number of hours worked: 55 hours weekly
    Total number of O/T hours: 15 O/T hours

    <u>1.- First period unpaid O/T from April 27, 2019, to June 11, 2020, or 59 weeks</u>

    Relevant weeks of employment: 59 weeks
    Total number of hours worked: 55 hours weekly
       Total number of unpaid O/T hours: 15 O/T hours
       Regular rate: $11.25 an hour x 1.5=$16.88
       O/T rate: $16.88

    O/T $16.88 x 15 O/T hours=$253.20 x 59 weeks= $14,938.80

    <u>2.- Second period, unpaid O/T from June 01, 2021, to April 01, 2022, or 43 weeks</u>

    Relevant weeks of employment: 43 weeks
    Total number of hours worked: 55 hours weekly
       Total number of unpaid O/T hours: 15 O/T hours
       Regular rate: $12.50 an hour x 1.5=$18.75
       O/T rate: $18.75

    O/T $18.75 x 15 O/T hours=$281.25 x 43 weeks= $12,093.75

   Total # 1 and # 2: $27,032.55

 c. <u>Nature of wages (e.g., overtime or straight time):</u>

   This amount represents unpaid overtime wages.

47. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked over the maximum hours provided by the Act, but no provision was made by the Defendants to properly pay her at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

48. Defendant Fast 6 Of America knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff and those similarly situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

49. At times mentioned, individual Defendant Margarita Trutt was the owner/partner, and she directed Fast 6 Of America's operations. Defendant was the Employer of Plaintiff and others similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of Fast 6 Of America concerning its employees, including Plaintiff and others similarly situated. Defendant Margarita Trutt had financial and operational control of the business and provided Plaintiff with her work schedule. Accordingly, she is jointly and severally liable for Plaintiff's damages.

50. Defendants Fast 6 Of America and Margarita Trutt willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

51. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

<u>Prayer For Relief</u>

Wherefore, Plaintiff Janeth Moreira and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Janeth Moreiraand other similarly situated and against the Defendants Fast 6 Of America and Margarita Trutt, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Janeth Moreira and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

**<u>COUNT II:</u>**
**<u>FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS</u>**

52. Plaintiff Janeth Moreira re-adopts every factual allegation as stated in paragraphs 1-26 of this complaint as if set out in full herein.

53. Plaintiff Janeth Moreira brings this action to recover from the Employer Fast 6 Of America unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC §206.

54. Defendant Fast 6 Of America was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). Defendant provides patient transportation services. Defendant worked in connection with a federal entity. Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

55. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Particularly, Plaintiff was a driver transporting patients beneficiaries of a federal agency. Through her daily activities, Plaintiff used the channels of interstate commerce and handled and worked on goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

56. Defendant Fast 6 Of America was and is subjected to the minimum wage provisions of the Fair Labor Standards Act (FLSA).

57. USC §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce or is employed in an enterprise engaged in commerce or

58. the production of goods for commerce, wages at the following rates:

    (1) except as otherwise provided in this section, not less than—

    (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day; and

    (C) $7.25 an hour, beginning 24 months after that 60th day

59. Defendants Fast 6 Of America and Margarita Trutt employed Plaintiff Janeth Moreira as a full-time, non-exempted, hourly employee from approximately May 01, 2018, to April 01, 2022, or three years and eleven months. However, for FLSA purposes, Plaintiff's relevant period of employment is 102 weeks.

60. Plaintiff was hired as a driver, and her duties consisted of driving patients to and from medical appointments.

61. During her time of employment with Defendants, Plaintiff has two periods of employment:

62. <u>1.- First period, from April 27, 2019, to June 11, 2020, or 59 weeks</u>. In this period, Plaintiff worked five days per week or 50 hours per week. At home, Plaintiff worked 1 hour daily. Thus, Plaintiff worked a total of 55 hours weekly.

63. Defendants paid Plaintiff at the rate of $11.25 an hour, or an average of $450.00 weekly covering 40 hours.

64. <u>2.- Second period, from June 01, 2021, to April 01, 2022, or 43 weeks</u>. In this period, Plaintiff worked the same schedule of 50 hours weekly transporting patients. Plaintiff also worked at home 5 hours per week coordinating patients' transportation, or a total of 55 hours weekly.

65. Defendants paid Plaintiff at the rate of $12.50 an hour, or an average of $500.00 weekly covering 40 hours.

66. During the relevant time of employment, Plaintiff was unable to take bonafide lunchtime.

67. Plaintiff clocked in and out using MediRoutes software, and Defendants were in complete control of Plaintiff's schedule. Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals.

68. Plaintiff was paid weekly strictly in cash, without any paystub or record showing the number of days and hours worked, wage rate paid, employees' taxes withheld, etc.

69. On or about November 18, 2021, Plaintiff had a traffic accident where Plaintiff was hit from behind while driving the company vehicle. Even though she was not responsible, Plaintiff was forced to take a personal loan to pay for the repairs of the company vehicle. Plaintiff had to pay $2,000.00 in cash as a condition to retain her employment with Defendants. This deduction caused Plaintiff to work 4 weeks without wages.

70. On or about April 01, 2022, Plaintiff resigned from her position to pursue better employment opportunities.

71. Furthermore, at the time of her resignation, Defendants denied Plaintiff the payment of two weeks of work. Plaintiff was not paid for her last week of work plus one week retained by Defendants as a security deposit.

72. Plaintiff is owed a total of six weeks of regular wages.

73. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of Section 6 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 206(a)(1).

74. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

75. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

76. Before the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's reasonable faith estimate of unpaid wages is as follows:

   \* Florida's minimum wage is higher than the Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

   a. <u>Total amount of alleged unpaid wages</u>:

   Two Thousand Eight Hundred Dollars and 00/100 ($2,800.00)

   b. <u>Calculation of such wages</u>:

   Total weeks of employment: 3 years and 11 months
   Total relevant week:  102 weeks
   Unpaid weeks: 6 weeks
   Total hours worked:  55 hours weekly
   Florida minimum wage 2022:  $10.00

    1.- Illegal deductions, $2,000.00 equivalent to 4 weeks of work.
    FL minimum wage $10.00 x 50 hours=$500.00 x 4 weeks=$2,000.00

    2.- Unpaid wages, 2 weeks
    FL minimum wage $10.00 x 40 hours=$400.00 x 2 weeks=$800.00

    Total #1 and #2: $2,800.00

c. <u>Nature of wages:</u>

    This amount represents unpaid min. wages in Florida
    Minimum wage rate

77. Defendants unlawfully failed to pay Plaintiff minimum wages.

78. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these minimum wages since the commencement of Plaintiff and those similarly situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

79. At times mentioned, individual Defendant Margarita Trutt was the owner/partner, and she directed Fast 6 Of America's operations. Defendant was the Employer of Plaintiff and others similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of Fast 6 Of America concerning its employees, including Plaintiff and others similarly situated. Defendant Margarita Trutt had financial and operational control of the business and provided Plaintiff with her work schedule. Accordingly, she is jointly and severally liable for Plaintiff's damages.

80. Defendants Fast 6 Of America and Margarita Trutt willfully and intentionally refused to pay Plaintiff minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages.

81. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fees.

Prayer for Relief

Wherefore, Plaintiff Janeth Moreira and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Janeth Moreira and against the Defendants Fast 6 Of America and Margarita Trutt, based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Janeth Moreira and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

Dated: May 22, 2022                                                  Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*