UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-21578-WILLIAMS/MCALILEY

JANETH MOREIRA,

 Plaintiff,

vs.

FAST 6 OF AMERICA
NATIONWIDE SERVICES INC
and MARGARITA TRUTT,

 Defendants.
_____/

## REPORT AND RECOMMENDATION

 This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C §§ 201-219. The parties reached a settlement of this action, and they filed a Joint Motion for Entry of Order Approving Settlement and Dismissing Case with Prejudice. (ECF No. 21). The Honorable Kathleen M. Williams referred the matter to me to determine whether the parties' compromise is "a fair and reasonable resolution of a bona fide dispute" over FLSA provisions. (ECF No. 4 at 4) (quoting *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982)). This review requires the Court to also determine whether the amount of the settlement designated as fees for Plaintiff's counsel is reasonable. *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009).

 The parties attached to their Motion a copy of the parties' settlement agreement, which I reviewed. It provides that Defendants will pay Plaintiff $2,000.00 in unpaid wages and $2,000.00 in liquidated damages, for a total payment of $4,000.00. (ECF No. 21-1 at 4 ¶ 5). In her Statement of Claim, Plaintiff estimated she was owed $29,832.55 in unpaid wages, and she claimed

1

entitlement to liquidated damages in the same amount. (ECF No. 7 at 2-4). In their Response, Defendants advised that Plaintiff worked as an independent contractor, not an employee, and therefore she is not entitled to any unpaid wages. (ECF No. 10). Given the uncertainty of Plaintiff recovering any amount, I concur with the parties that Plaintiff's recovery of $4,000.00 is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc.*, 679 F.2d at 1353.

The settlement agreement provides that Defendants will pay Plaintiff's counsel $5,500.00 as compensation for Plaintiff's attorneys' fees, and $500.00 for costs of this action, for a total payment of $6,000.00. (ECF No. 21-1 at 4 ¶ 5). At my direction, Plaintiff's counsel, Zandro Palma, emailed to chambers his billing records, which I reviewed.

The billing records, docket of this action and Joint Motion document that Plaintiff's counsel's duties included drafting the Complaint and a Statement of Claim, participating in discovery, exchanging records, and engaging in extensive settlement negotiations. Plaintiff's counsel also engaged in a review of the written settlement agreement and the Joint Motion. Mr. Palma's billing records show that the total amount of attorneys' fees invoiced ($7,884.00), plus the invoiced costs ($537.00), exceed the negotiated attorneys' fees and costs of $6,000.00. I find that Plaintiff's counsel's $400.00 per hour billing rate is reasonable under the circumstances. I also find that it is reasonable to compensate Plaintiff's counsel $6,000.00 in attorneys' fees and costs.

Last, the parties ask the Court to retain jurisdiction to enforce the settlement agreement. The agreement provides that Defendants shall make full payment in four (4) equal monthly installment payments of $2,500.00, with the last payment due on or before November 25, 2022. (ECF No. 21-1 at 4-5 ¶ 5(b)). I recommend that the Court retain jurisdiction through January 15,

2023, which I believe is a reasonable period for the parties to determine if there is a need to return to the Court to enforce the agreement.

Accordingly, I **RESPECTFULLY RECOMMEND** that the Court grant the Joint Motion for Entry of Order Approving Settlement and Dismissing Case with Prejudice (ECF No. 21), approve the parties' settlement agreement (ECF No. 21-1), dismiss this action with prejudice, retain jurisdiction until January 15, 2023, and instruct the Clerk of Court to close this case.

**No later than three (3) business days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Kathleen M. Williams, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULLY RECOMMENDED in chambers at Miami, Florida this 28th day of September 2022.

*[signature: Chris McAliley]*
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE